UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO 6:24-CR-77-REW

UNITED STATES OF AMERICA                                          PLAINTIFF

V.

JERRY DUNN                                                                  DEFENDANT

### RESPONSE TO RULE 404(B) NOTICE

Comes the Defendant, Jerry Dunn (hereinafter "Mr. Dunn"), by and through Counsel, and pursuant to *Federal Rules of Evidence Rule 404(b)*, and any other applicable law, and respectfully requests this Honorable Court to determine that the evidence the government seeks to introduce is inadmissible. Mr. Dunn additionally requests that the government determine that the same evidence is not res gestae and that it is not in fact direct evidence pertaining to overall scheme or plan. In support thereof, Mr. Dunn states as follows.

1. On July 22, 2025, undersigned counsel was served with the Government's Notice pursuant to *FRE Rule 404(b)*. On July 25, 2025, undersigned counsel was served with the Government's Revised Notice pursuant to FRE Rule 404(b). The case was subsequently continued. In summary, the Government intends to introduce certain evidence which Mr. Dunn maintains is inadmissible because it constitutes impermissible propensity evidence and fails to meet the requirements for admissibility under the Sixth Circuit's established legal framework. The case was subsequently continued.

2. The evidence the Government seeks to introduce is: testimony that the Defendant and the alleged victim would go for four-wheeler rides beginning when the alleged victim was seven years old; evidence that the Defendant purchased tobacco products for the alleged victim in exchange for photos and sex acts; and testimony from the alleged victim that the Defendant threatened to harm the victim or her family.

3. *Federal Rule of Evidence Rule 404(b)* prohibits admitting evidence of a Defendant's prior bad acts to prove the Defendant's character or propensity to commit the charged offense. However, such evidence may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. To be admissible under *Rule 404(b)*, the Sixth Circuit requires that the trial court follow a three-step analysis. First, the trial court must make a preliminary determination that sufficient evidence exists to show that the prior act actually occurred; second, it must determine whether the evidence is being offered for a proper purpose under Rule 404(b); third, it must assess whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. *United States v. Ramer*, 883 F.3d 659 (6th Cir. 2018). *United States v. Thompson*, 690 Fed. Appx. 302 (6th Cir. 2017). Under *FRE Rule 403*, "the court may [as relevant to the above-styled case] exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice. . . . [or] needlessly presenting cumulative evidence. *Fed. R. Evid. 403*.

4. The Government's proposed evidence constitutes impermissible propensity evidence. However, *Rule 404(b)* does not permit admission of prior bad acts solely

to show a defendant's propensity to commit the charged offense unless it is probative of a relevant fact other than the defendant's character or propensity. Here, a hearing would be required so that the Court can make the preliminary determination necessary to proceed to the second and third prongs of its analysis. Regardless of the Court's finding as to whether the alleged prior bad act actually occurred, the evidence fails on the Government's theories of admissibility, to wit, modus operandi, intent, motive, and plan.

5. To determine "whether the proffered evidence is admissible for a legitimate purpose, it must be probative of a material issue other than character." *United States v. Hardy*, 643 F3d 143 (6th Cir. 2011). This analysis also consists of three prongs. To be admissible, the evidence must be (1) offered for a permissible purpose, (2) which purpose must be in issue, and (3) which is probative of the purpose for which it is offered. *United States v. Jenkins*, 435 F3d 928 (6th Cir. 2003).

6. Here, the Government has not provided a precise showing of how the prior bad acts are relevant to the charged offense. Without a clear and specific connection, the evidence cannot satisfy the requirements of *Rule 404(b)*. First, evidence proving modus operandi is only admissible when identity is genuinely in issue. *United States v. Mack*, 258 F3d 548 (6th Cir. 2001). Second, evidence of prior misconduct my only be admitted to show intent if the defendant raises intent as an issue or if intent cannot be inferred from the criminal act itself. *United States v. Johnson*, 27 F3d 1186 (6th Cir. 1994). Third, evidence of motive must go to the particular issue or an ultimate issue in the case. *United States v. Zelinka*, 862 F.2d 92, 99 (6th Cir. 1988). Finally, there must be substantial similarity between the prior acts and the instance offense conduct for evidence of prior misconduct to be admissible under

the rule. *United States v. Ailstock*, 546 F2d 1285 (6th Cir. 1976) (*distinguished on other grounds*).[1] None of the testimony and other evidence that the Government wishes to introduce regarding four-wheeler rides, purchase of nicotine products, or potential existence of past threats conforms to the requirements under each category of *Rule 404(b)* exception.

7. In this case, the danger of unfair prejudice is significant. Evidence of prior bad acts carries a substantial risk that the jury will use it to infer the Defendants propensity to commit the charged offense, which is precisely what *Rule 404(b)* seeks to prevent. The risk of prejudice is further heightened by the lack of a clear and specific connection between the prior acts and the charged offense.

WHEREFORE, the Defendant respectfully requests that the Court exclude the evidence of prior bad acts proposed by the Government under Rule 404(b). The evidence constitutes impermissible propensity evidence, fails to satisfy the requirements for admissibility under the Sixth Circuit's established legal framework, and poses a significant risk of unfair prejudice that substantially outweighs any probative value.

Respectfully submitted,

　/s/ Abraham Mashni　
HON. ABRAHAM MASHNI
Mashni Law PLLC
157 N. Limestone Street, Suite 250
Lexington, KY 40507
(859) 201-3550
abe@kycriminaldefense.com
*Counsel for Mr. Dunn*

---

[1] Although many cases discuss *res gestae* (background evidence or evidence that is inextricably intertwined) as though it were an exception to the probation against propensity evidence, this type of evidence does not actually implicate Rule 404(b). *United States v. Kettles*, 970 F.3d 637 (6th Cir. 2020). To the extent that *res gestae* doctrine does allow admission of prior bad acts, such evidence must be related causally, temporally, or spatially to the charged offense, which the evidence at issue is not. *United States v. Maike*, 613 F.Supp. 3d 991 (Ky.W.D. 2020).

## NOTICE

This is to notify that the foregoing shall come before this Honorable Court for a hearing on Tuesday the 14th of October at 4:00PM or as soon thereafter as may be convenient to the Court.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by electronic submission upon all parties, on this the 10th day of October 2025.

/s/ Abraham Mashni
HON. ABRAHAM MASHNI
*Counsel for Mr. Dunn*