UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL ACTION NO. 6:24-CR-77-REW**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**                                       **REVISED NOTICE**

**JERRY DUNN**                                                                           **DEFENDANT**

\* \* \* \* \* \*

The United States hereby gives revised notice of its intent to use at the trial of Defendant Jerry Dunn certain evidence (discussed in more detail below) which *may* implicate Federal Rule of Evidence 404(b). Specifically, the United States intends to introduce:

1. Evidence that the Defendant engaged in a pattern of sexual abuse that started when she was a young girl and continued until the offenses that are the subject of this indictment. The victim in this case is expected to testify that the Defendant, a friend of the family, would pick her up and take her for four-wheeler rides starting when she was approximately seven years old. During these rides, the Defendant would sexually abuse the victim. These instances are part of the overall scheme or plan, specifically the grooming behavior in which the Defendant engaged in order to accomplish the charged offenses. While the government believes that this testimony is direct and relevant evidence of the charged offense, to the extent that it implicates Rule 404(b), it

is offered to prove the Defendant's intent and motive, both exceptions to the rule. This testimony could also be considered *res gestae* as it is inextricably intertwined with the charged offense and is part and parcel to the grooming which led to the charged offense. These encounters between the victim and the defendant are background information necessary to understand the events and forms an integral part of the victim's testimony.

2. To the extent that it would be considered a bad act which might implicate rule 404(b), the United States intends to present evidence that the Defendant purchased or provided items to the minor victim, to include tobacco products or nicotine vapes, in exchange for photos and sex acts. While this is direct and relevant evidence to the pattern of grooming in which the Defendant engaged (thus is likely not considered Rule 404(b) evidence) it also goes to the Defendant's modus operandi, motive, and intent, both considered exceptions to the rule.

3. The United States intends to elicit testimony from the minor victim that the Defendant threatened to harm the victim or her family should she refuse the Defendant's advances or alert anyone as to the behavior in which the Defendant was engaged. This is, again, direct evidence of the charged offense and should not be considered 404(b) evidence. To the extent that the rule is implicated in anyway, this evidence also goes to toward the Defendant's modus operandi, intent, motive, and plan.

The foregoing evidence is probative of, intrinsic to, and inextricably intertwined

with the charged offenses. *United States v. Sumlin*, 956 F.3d 879, 889 (6th Cir.), *cert. denied*, 141 S. Ct. 605, 208 L. Ed. 2d 194 (2020) ("Rule 404(b) does not apply to evidence that itself is probative of the crime charged."); *United States v. Chalmers*, 554 F. App'x 440, 449 (6th Cir. 2014) ("But not all prior-acts evidence implicates Rule 404(b): 'intrinsic acts' that are 'part of a single criminal episode' or 'a continuing pattern of illegal activity' are admissible notwithstanding Rule 404(b)."). It also provides background evidence of the charged offenses. *See United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) ("This court has previously recognized the propriety of introducing 'background' evidence…[s]uch evidence, often referred to as 'res gestae,' does not implicate Rule 404(b)."); *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) ("Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense."). However, should the Court later determine that this constitutes evidence under Federal Rule of Evidence 404(b), then this serves as notice to your client of the United States' intention to introduce such evidence at trial.

Further, and in addition to the Government's primary contention that the noticed proof falls outside FRE 404(b)'s ambit, none of the subject evidence is aimed at proving that Jerry Dunn simply has a criminal disposition and acted in conformity therewith. Rather, its intended use is to show Dunn's *modus operandi*, identity, intent, preparation, plan, among other reasons. Thus, the noticed proof is additionally admissible under the Rule 404(b) framework. *See* FRE 404(b)(2)(B) (providing a non-exhaustive list of

permissible admission purposes).

The United States reserves the right to supplement this disclosure if necessary. Should you have questions or seek further clarification of this notice, please feel free to contact me.

Additionally, though the United States does not believe that the listed items implicate Federal Rule of Evidence 413[1], to the extent that any of the noticed evidence might fall under the categories mentioned in Rule 413, then this serves as notice to your client of the United States' intention to introduce such evidence at trial.

> Respectfully submitted,
>
> PAUL C. McCAFFREY
> ACTING UNITED STATES ATTORNEY
>
> By:    /s/ *Justin E. Blankenship*
>        Justin E. Blankenship
>        Assistant United States Attorney
>        601 Meyers Baker Road, 2nd Floor
>        London, Kentucky 40741
>        (606) 330-4833
>        Justin.blankenship2@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on July 25, 2025, I e-mailed an electronic copy of this document to counsel for the Defendant in this case.

> /s/ *Justin E. Blankenship*
> Assistant United States Attorney

---

[1] Rule 413 contemplates admission of evidence regarding non-consensual acts, and the evidence noticed herein deals with consensual acts.