UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DISTRICT
AT LONDON

CRIMINAL ACTION NO. 6:24-CR-077-REW-01

UNITED STATES OF AMERICA                                      PLAINTIFF

VS.

JERRY DUNN                                                    DEFENDANT

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIENCE**

Comes now the Defendant, Jerry Dunn ("Mr. Dunn"), by and through undersigned counsel, and pursuant to 18 U.S.C. § 3553(a), the Constitution of the United States, and all other applicable law, respectfully submits this Sentencing Memorandum and Motion for Downward Variance in support of his request for a sentence below the advisory Guideline range.

I.   INTRODUCTION

Mr. Dunn is a 60-year-old man who, considering his age and rapidly declining health, most likely faces the remainder of his life in prison if the advisory Guideline sentence is imposed.

The advisory Guideline range in this case is 1,920 months (160 years), which is, in practical effect, a sentence that ensures Mr. Dunn will die in federal custody. Such a sentence far exceeds what is necessary to satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The statutory mandate is clear: the Court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. A 160-year sentence is greater than necessary to achieve those objectives.

II.   HISTORY AND CHARACTERISTICS OF MR. DUNN – 18 U.S.C. §3553(a)(1)

Mr. Dunn has minimal criminal history and falls within Criminal History Category I. He has no meaningful prior record that would suggest a pattern of criminal conduct.

While detained on these charges, Mr. Dunn has suffered two heart attacks. His cardiac condition is serious and ongoing. His health is fragile and significantly limits both his life expectancy and any realistic risk of future offending or danger to the community.

The Court is required to consider the "history and characteristics of the defendant." Mr. Dunn is not a young offender with decades of criminal exposure ahead of him. He is a 60-year-old man in declining physical condition whose medical deterioration materially diminishes any prospective threat to public safety.

III.    EMPIRICAL RECIDIVISM DATA SUPPORT A BELOW-GUIDELINE SENTENCE

The United States Sentencing Commission has repeatedly found that age is one of the strongest predictors of reduced recidivism in federal cases.

In its comprehensive 2016 study, *Recidivism Among Federal Offenders: A Comprehensive Overview*, the Commission reported an overall eight-year rearrest rate of 49.3 percent. However, offenders released at age 60 or older had a rearrest rate of just 16.0 percent.

In its 2017 report, *The Effects of Aging on Recidivism Among Federal Offenders*, the Commission found that offenders in Criminal History Category I who were age 60 or older at release had a rearrest rate of just 11.3 percent—compared to 53.0 percent for offenders under age 30.

More recently, in *Older Offenders in the Federal System* (2022), the Commission confirmed that older offenders continue to recidivate at dramatically lower rates than younger offenders.

The Commission has also documented that offenders with zero criminal history points have substantially lower rearrest rates than those with even minimal prior records. See *Revisiting Recidivism: Criminal History Computation* (2017).

Mr. Dunn's age, Criminal History Category I status, absence of prior criminal conduct, and severe medical deterioration—including two heart attacks while in custody—place him squarely within the lowest-risk cohorts identified by the Sentencing Commission.

The empirical evidence demonstrates that a de facto life sentence is not necessary to protect the public.

IV.     THE NEED FOR THE SENTENCE IMPOSED - §3553(a)(2)

A substantial term of imprisonment will unquestionably reflect the seriousness of the offense and promote respect for the law. However, a 160-year advisory sentence far exceeds what is necessary to accomplish those objectives.

Given Mr. Dunn's age and serious cardiac condition, even a substantial term of years would function as a life sentence. Specific deterrence is effectively achieved by any lengthy custodial sentence in light of his advanced age and declining health.

Empirical evidence suggests that general deterrence does not materially increase with the imposition of extreme multi-decade sentences as opposed to substantial, but finite, terms of imprisonment.

The parsimony principle governs. The sentence must be sufficient, but not greater than necessary. A sentence that ensures Mr. Dunn dies in custody exceeds that statutory command.

V.      THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES – 18 U.S.C. §3553(a)(6)

Section 3553(a)(6) directs courts to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Although the advisory Guidelines calculation in this case yields a 160-year term, sentences of that magnitude are rarely imposed in practice absent homicide or similarly aggravated conduct. Nationwide sentencing data in non-production and production child exploitation cases reflects that courts routinely impose substantial, but finite, sentences rather than effective life terms—particularly where the defendant is in Criminal History Category I.

A sentence that ensures Mr. Dunn will spend the remainder of his natural life in custody would create an unwarranted disparity when compared to similarly situated federal defendants across the country—especially older offenders with no prior criminal history.

The advisory Guidelines are but one factor among many. As the Supreme Court recognized in *Gall v. United States*, 552 U.S. 38 (2007), district courts must make an individualized assessment based on the facts presented and may not presume the Guidelines range is reasonable.

An individualized assessment here—considering Mr. Dunn's age, lack of criminal history, and severe medical condition—supports a variance to avoid imposing a sentence far outside the heartland of sentences imposed in comparable cases nationwide.

## CONCLUSION

Mr. Dunn exercised his constitutional right to trial. That exercise of his rights should not operate as an aggravating factor at sentencing.

For all of the foregoing reasons, and pursuant to 18 U.S.C. § 3553(a), Mr. Dunn respectfully requests that this Court impose a sentence substantially below the advisory Guideline range—one that is sufficient, but not greater than necessary, to satisfy the statutory purposes of sentencing.

Respectfully Submitted,

By:    */s/ Abraham Mashni*
ABRAHAM MASHNI
MASHNI LAW PLLC
157 N. Limestone St. Suite 250
Lexington, KY 40507
(859) 201-3550
abe@kycriminaldefense.com
*Counsel for Mr. Dunn*

## **CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing has been filed electronically which will cause notice of the same to be served upon all parties on this the 21st day of February 2026.

    */s/ Abraham Mashni*
ABRAHAM MASHNI
*Counsel for Mr. Dunn*