**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DISTRICT**
**AT LONDON**

**CRIMINAL ACTION NO. 6:24-CR-077-REW-01**

**UNITED STATES OF AMERICA**                                 **PLAINTIFF**

**VS.**

**JERRY DUNN**                                           **DEFENDANT**

---

**DEFENDANT'S MEMORANDUM REGARDING**
**UNRESOLVED PSR OBJECTION**

---

Comes now the Defendant, Jerry Dunn, by and through counsel, and respectfully submits this Memorandum Regarding Unresolved PSR Objections pursuant to the Court's Sentencing Order (DE 51). This Memorandum reaffirms Mr. Dunn's objections to Paragraphs 8, 9, 13, 14, 17, 21–66, and 71 of the Presentence Investigation Report ("PSR").

Mr. Dunn exercised his constitutional right to plead not guilty and proceed to trial before a jury. The jury returned guilty verdicts. Mr. Dunn respectfully maintains his innocence and preserves all appellate rights.

Mr. Dunn objects to the above-noted paragraphs of the PSR to the extent they describe alleged offense conduct, include characterizations of disputed facts, or contain factual assertions that go beyond what was necessarily determined by the jury's verdict. These objections are not made to relitigate the jury's verdict, but rather to preserve his position that he did not commit the

offenses and to prevent the adoption of contested factual assertions without specific judicial findings.

To the extent the PSR contains characterizations, conclusory statements, or factual assertions that exceed the scope of the jury's determinations, Mr. Dunn objects to the inclusion and adoption of those statements absent specific evidentiary findings by the Court.

Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(B), the Court must either rule on any disputed portion of the PSR or determine that a ruling is unnecessary because the matter will not be considered in sentencing. Mr. Dunn respectfully requests that the Court make specific findings as to any disputed factual assertions that may affect the advisory guideline calculation or the Court's consideration of the factors set forth in 18 U.S.C. § 3553(a), or alternatively state on the record that such disputed matters will not be relied upon at sentencing.

Mr. Dunn further notes that the PSR will accompany him to the Bureau of Prisons and may affect his designation, security classification, and programming eligibility. Accordingly, it is important that disputed factual assertions not be adopted without specific findings or otherwise left unresolved in a manner that could prejudice him during his term of incarceration.

Mr. Dunn's continued assertion of innocence is a constitutionally protected position. His maintenance of innocence should not be construed as an aggravating factor, as evidence of lack of remorse, or as a basis for imposing a sentence above that which is appropriate under 18 U.S.C. § 3553(a). His objections are made in good faith and in preservation of his constitutional rights.

Mr. Dunn submits these objections respectfully and in accordance with the procedural safeguards afforded by Rule 32 and the Constitution of the United States.

WHEREFORE, Mr. Dunn respectfully requests that the Court note his objections to the PSR and resolve any disputed matters in accordance with Federal Rule of Criminal Procedure 32(i)(3)(B).

Respectfully Submitted,

By:    */s/ Abraham Mashni*
ABRAHAM MASHNI
MASHNI LAW PLLC
157 N. Limestone St. Suite 250
Lexington, KY 40507
(859) 201-3550
abe@kycriminaldefense.com
*Counsel for Mr. Dunn*


CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been filed electronically which will cause notice of the same to be served upon all parties on this the 21st day of February, 2026.

*/s/ Abraham Mashni*
ABRAHAM MASHNI
*Counsel for Mr. Dunn*