UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:24-CR-077-REW

UNITED STATES OF AMERICA                       PLAINTIFF

V.            **MEMORANDUM ADDRESSING UNRESOLVED GUIDELINE OBJECTIONS**

JERRY DUNN                                   DEFENDANT

\* \* \* \* \*

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objection to the Presentence Investigation Report ("PSR") that affect the guideline calculations. As discussed in more detail below, it is the position of the United States that the PSR is properly calculated.

As is known to this Court, "[a]t sentencing, the court….must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing…." Fed. R. Crim. P. 32(i)(3)(B). In resolving a disputed portion of the PSR, "[t]he court may not blindly accept the PSR, but '[w]hen a defendant fails to produce any evidence to contradict the facts set forth in the PSR, a district court is entitled to rely on those facts when sentencing the defendant.'" *United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011) (citing *United*

States v. Geerken, 506 F.3d 461, 467 (6th Cir.2007).  "The government's burden is triggered when the defendant 'produce[s] some evidence that calls the reliability or correctness of the alleged facts into question' that is more than a 'bare denial.'" *Id*. *United States v. Lang*, 333 F.3d 678, 681 (6th Cir.2003).

"Sentencing judges may engage in judicial fact-finding and consider evidence under a preponderance of the evidence standard." *United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015) (internal citation omitted).  "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) ("[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").

1. **Objection #4** –

The Defendant objects to "the allegations contained in Counts 1-6". As is noted in the PSR, a jury found beyond a reasonable doubt that the Defendant's actions met each element of Counts 1-6 of the Indictment, which are incorporated in paragraph 13 of the PSR. The

jury has spoken regarding the facts outlined in paragraph 13, and their inclusion in the PSR is appropriate.

### 2. Objections #5 and #6

The Defendant objects to the assertion that he made any misrepresentations during his trial testimony. During his trial, Dunn elected to testify in his own defense. The probation office identified several instances in which the Defendant made misrepresentations during that testimony. Most of those instances were statements regarding facts directly at issue in the case and ultimately decided by the jury.

For example, the probation office asserts, in the PSR, that Dunn denied that he was depicted performing oral sex on the minor victim in the photograph that formed the basis for Count 5. In that photo, Dunn could clearly be seen performing oral sex on an individual determined to be the minor victim. Dunn, in his testimony, asserted that it was not the minor victim, rather it was a different female individual. In order for the jury to find the Defendant guilty of Count 5, they would have had to find that the photo depicted a minor. Since Dunn and the female were the only two individuals in this particular photo, reasonably the jury believed the female subject to be the minor child. Thus, Dunn's testimony was materially false.

The same stands true for the other examples provided in the PSR. During his sworn testimony, Dunn also testified regarding the image which formed the basis for Count 1. In that photo Dunn can be seen inserting and spreading the minor victim's vagina. Dunn denied that it was his hand depicted in the images. Again, the jury found Dunn guilty of Count 1, logically believing that Dunn and the minor were both depicted in the photo which

3

was found on Dunn's phone. Similar to the testimony regarding Count 5, the jury believed that Dunn was not telling the truth.

Finally, Dunn testified regarding the image forming the basis for Count 4. That image depicts a screenshot of a facetime call between the minor victim and the Defendant. In the screenshot, Dunn's face can clearly be seen as one of the call participants and the victim can be seen displaying her vagina. The victim identified herself in the photo during her testimony. Dunn, however, denied knowing it was the victim in the photo and stated that he did not ask for the picture. Again, the jury found the Defendant guilty of Count 4, finding that Dunn's conduct met the elements of producing that image of child pornography. That finding, like the others, is directly contradictory to Dunn's sworn statements.

Because Dunn repeatedly made misrepresentations under oath, the probation office properly assessed a two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1. "If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1. Application note 4 of that section includes a non-exhaustive list of conduct that meets the guideline, including "committing, suborning, or attempting to suborn perjury . . ." U.S.S.G. § 3C1.1, n. 4(B).

There is no doubt that the misrepresentations made by Dunn at trial were under oath, designed to obstruct or attempt to obstruct the administration of justice with respect to the

prosecution, and related to the offense of conviction. Each of the obstructive statements were directly related to conduct that formed elements of charged offenses and designed to mislead to fact finder. The application of the obstruction enhancement under § 3C1.1 is appropriate under these circumstances.

3. **Objection #7**

The Defendant objects generally to the guideline recommendations outlined in paragraphs 21 through 65. This broad objection covers the entirety of the guideline calculation and the computation of the total offense level. As noted above it is the position of the government that the PSR is properly calculated and the offense level is correct.

4. **Objection #9**

The Defendant objects to his designation in the PSR as a repeat and dangerous sexual offender, often called the Chapter 4 pattern enhancement. It is the position of the United States that Dunn's conduct clearly meets the requirement for the application of the pattern enhancement. "In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 (career offender) nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) the offense level shall be 5 plus the offense level determined under Chapters Two and Three . . ." U.S.S.G. §4B1.5(b).

Dunn stands convicted of five separate instances of producing child pornography, in violation of 18 U.S.C. § 2251(a). That offense is a covered sex crime under chapter 109A. Application Note 4(B)(i) says that a pattern of activity requires at least two separate occasions of engagement in prohibited conduct with a minor. U.S.S.G. §4B1.5(b)(4)(B)(i).

5

Here, the Defendant, by virtue of his conviction, engaged in five separate occasions of prohibited conduct with a minor. For that reason, the pattern enhancement properly applies.

## CONCLUSION

For the aforementioned reasons, and those to be further discussed at the sentencing hearing, it is the position of the United States that Jerry Dunn's presentence report is correct, and the enhancements to his offense level contained therein are properly applied.

Respectfully submitted,

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

By: s/ Justin E, Blankenship
Justin E. Blankenship
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 864-5523
Justin.blankenship2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2025, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Justin E. Blankenship*  
Assistant United States Attorney